UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

LYNN M. LANE )
 )
v. ) Case No. 1:12-CV-191
 ) *Collier/Carter*
NATIONWIDE MUTUAL FIRE )
INSURANCE COMPANY )

## MEMORANDUM AND ORDER

Plaintiff Lynn M. Lane moves to amend her complaint to add claims for negligent and intentional infliction of emotional distress. [Doc. 12]. For the reasons stated, plaintiff's motion to amend is GRANTED.

Plaintiff seeks to supplement her complaint to allege new causes of action arising from occurrences and events that happened after the filing of her original complaint on April 9, 2012. Fed. R. Civ. P. 15(d) permits "a party to serve a supplemental pleading setting out any transaction, occurrence, or event, that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The standard for granting leave to supplement pleadings is identical to the liberal standard governing leave to amend pleadings under Rule 15(a). *Spies v. Voinovich*, 48 Fed. Appx. 520, 527 (6th Cir. 2002) (citing *McHenry v. Ford Motor Co.*, 269 F.2d 18, 24 (6th Cir. 1959)); *see also*, *Finisar Corp. v. Chetah Omni, LLC*, 2012 WL 5383123 (E.D. Mich. Nov. 1, 2012) (unpublished).

Under Rule 15(a), leave to amend shall be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave is appropriate "in absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment, etc..." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court must also consider the plaintiff's motion in

1

light of Fed. R. Civ. P. 16(b). *Leary*, 349 F.3d at 909. Rule 16 permits modification of the scheduling order upon a showing of good cause and by leave of the district judge. *Leary*, 349 F.3d at 906; *Gardner v. Wayne County*, 2007 WL 2325065 *2 (E.D. Mich. Aug. 15, 2007); *Kaylor v. Radde*, 2005 WL 282851 * 2 (N.D. Ohio Mar. 4, 2005).

In the instant case, defendant asserts the proposed amendment is futile on the ground that it fails to state a claim for negligent or intentional infliction of emotional distress. A proposed amendment is futile if it would not withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must

> "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007). Despite this liberal pleading standard, [the Court] "may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1050 (6th Cir.2011). Rather, the complaint has to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). If the [plaintiff does] "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

*Ohio Police & Fire Pension Fund v. Standard & Poor's Financial Services, LLC*, __ F.3d __, 2012 WL5990337 (Dec. 3, 2012) (brackets original).

Under Tennessee law, a claim for negligent infliction of emotional distress requires the plaintiff to show that there was a duty, a breach of that duty, injury or damage, cause in fact, and proximate cause. *See West v. Genuine Parts Company, d/b/a NAPA-Knoxville,* 2011 WL 435361 (E.D.Tenn.) at *3 (citing *Lourcey v. Estate of Scarlett,* 146 S.W.3d 48,52 (Tenn. 2004)). The plaintiff must show a serious or severe emotional injury that is supported by expert medical or

2

scientific evidence. *See West,* 2011 WL 435361 at *3 (citing *Camper v. Minor,* 915 S.W.2d 437,446 (Tenn.1996)).

Tennessee law defines the tort of intentional infliction of emotional distress in terms identical to the tort of outrageous conduct. *See West,* 2011 WL 435361 at *2 (citing *Doe I ex rel. Doe v. Roman Catholic Diocese,* 154 S.W.3d 22, 31 (Tenn.2005)). The elements of outrageous conduct are intentional or reckless conduct, "so outrageous that it is not tolerated in civilized society," that results in serious mental injury. *Id.* (citation omitted). As noted by the Court in its *West* decision:

> Liability exists "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."

*West,* 2011 WL 435361 (E.D.Tenn.) at *2 (quoting *Bain v. Wells,* 936 S.W.2d 618,622 (Tenn.1997).

Plaintiff's action arises from a homeowner's policy that plaintiff has with defendant. Plaintiff alleges that her home in Chattanooga, Tennessee was damaged by a storm in February 2011 when a large tree fell on it putting a hole in the roof. According to plaintiff, defendant failed to undertake the necessary actions it owed plaintiff under the policy to have the house repaired. In April 2011, the house, which still had a hole in the roof, was further damaged when another storm came through Chattanooga, and now the house remains uninhabitable. The proposed amended complaint sets out in detail a long course of action defendant allegedly took, *after* plaintiff filed the original action against defendant on April 9, 2012, in which defendant wrongfully threatened to cancel her policy four times even though it had previously assured her it would not. Further, to date, defendant has not paid plaintiff's claim. Plaintiff alleges she has suffered various forms of severe physical and emotional distress which she details in her complaint.

Defendant has responded to plaintiff's motion to amend by offering facts which tend to explain, justify and/or mitigate defendant's conduct. However, under the standard with which the undersigned must review this motion, the undersigned must accept as true those facts asserted in the

3

proposed amended complaint, and, when the undersigned does so, the undersigned concludes plaintiff has adequately pled a claim for negligent infliction of emotional distress and a claim for intentional infliction of emotional distress.

Further, the undersigned concludes plaintiff acted with due diligence in moving to amend. Plaintiff originally moved to amend her complaint to add claims of negligent and intentional infliction of emotional distress on October 31, 2012, about two weeks after defendant sent its last notice on October 11, 2012 threatening to cancel her policy. Before the court ruled on this motion, plaintiff withdrew the motion to amend on November 26, 2012 due to some self-perceived flaw and on the same day substituted it with another motion to amend to add the same claims of negligent and intentional infliction of emotional distress. Thus, two weeks after the last letter threatening cancellation of the policy, defendant was on notice that the plaintiff intended to sue it for negligent and intentional infliction of emotional distress.

Accordingly, the undersigned concludes plaintiff has timely moved to amend her complaint and the proposed amended complaint adequately pleads claims for negligent and intentional infliction of emotional distress. Therefore, plaintiff's motion to amend her complaint is GRANTED. Plaintiff shall electronically file her amended complaint forthwith.

SO ORDERED.

ENTER.

S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

4

Case 1:12-cv-00191-CLC-WBC   Document 17   Filed 12/11/12   Page 4 of 4   PageID #: 263